1  MANATT, PHELPS & PHILLIPS, LLP
   BRAD W. SEILING (SBN 143515)
2  bseiling@manatt.com
   ADRIANNE E. MARSHACK (SBN
3  253682)
   AMarshack@manatt.com
4  11355 West Olympic Boulevard
   Los Angeles, CA  90064-1614
5  Telephone:  (310) 312-4000
   Facsimile:  (310) 312-4224
6
7  Attorneys for Defendant
   NAC MARKETING COMPANY, LLC

NORMAN C. HILE (SBN  57299)
nhile@orrick.com
MICHAEL C. WEED (SBN 199675)
mweed@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall
Suite 3000
Sacramento, CA 95814-4497
Telephone:     (916) 447-9200
Facsimile:     (916) 329-4900

Attorneys for Defendant
JOE THEISMANN

8

9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11

12
   FLOYD LUMAN and JOEL AMKRAUT,
13 individually and on behalf of all others
   similarly situated,
14
                      Plaintiff,
15
          vs.
16
   NAC MARKETING COMPANY, LLC
17 d/b/a/ NEW VITALITY and JOE
   THEISMANN,
18
                      Defendants.
19

No.  13-CV-00656-KJM-AC

**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTIONS TO DISMISS PLAINTIFFS FLOYD LUMAN'S AND JOEL AMKRAUT'S FIRST AMENDED PUTATIVE CLASS ACTION COMPLAINT**

Assigned to the Hon. Kimberly J. Mueller, Courtroom 3

**Hearing**
Date: August 2, 2013
Time: 10:00 a.m.
Location: Courtroom 3

Complaint filed: April 4, 2013

20

21

22

23

24

25

26

27

28

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

13-cv-00656—SUPPLEMENTAL BRIEF ISO
DEFENDANTS' MOTIONS TO DISMISS

Defendants NAC Marketing Co., LLC d/b/a New Vitality ("NAC") and Joe Theismann (collectively, "Defendants") jointly submit this supplemental brief pursuant to the Court's August 8, 2013 Order on whether, and to what extent, *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013) applies to plaintiffs' ability to demonstrate standing to seek 1) monetary relief and 2) injunctive relief.

The Supreme Court's recent decision in *Genesis* confirms that plaintiffs Floyd Luman and Joel Amkraut (collectively, "Plaintiffs") lack standing to pursue claims for monetary and injunctive relief. *Genesis* begins with a plaintiff with no justiciable individual claim—the same starting point as this case because, for the reasons described in our motions, neither Plaintiff Luman nor Amkraut raises individually cognizable injuries. The Court proceeded to hold that "the mere presence of collective-action allegations in the complaint cannot save the suit from mootness." *Id.* at 1529. In reaching that conclusion, the Court rejected the argument that when plaintiffs are "picked off" by defendants, a class-action claim may relate back to the filing of the complaint under the "inherently transitory" relation-back doctrine. *Id.* at 1531. While the Plaintiffs in this case were not "picked off" in any sense, the Plaintiffs attempt to make the same type of "pick off" argument to establish standing. *See* Pls.' Opp'n at 4. This argument fails under *Genesis*. Therefore this action should be dismissed with prejudice.

Like the cases cited in Plaintiffs' opposition to NAC's motion to dismiss — *Deposit Guaranty National Bank v. Roper,* 445 U.S. 326 (1980), *Sosna v. Iowa,* 419 U.S. 393 (1975), *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011), and *Weiss v. Regal Collections,* 385 F.3d 337 (3d Cir. 2004) — *Genesis* involved an offer of judgment providing full restitution to the named plaintiff *after* the suit was filed. The plaintiff in *Genesis* brought an action on behalf of herself and "all others similarly situated" based on an alleged violation of the Fair Labor Standards Act — claiming that the defendant employer forced her and others to perform compensable work during meal breaks. *Genesis*, 133 S. Ct. at 1527. The employer served an offer of judgment under Federal Rule of Civil Procedure 68 that would have granted the plaintiff all of the individual relief she would have been entitled to in her lawsuit. The Supreme Court held that the action was properly dismissed because the plaintiff had no individual claim nor any

other interest that would preserve her suit from mootness.

At the outset, Defendants note that in this case there is even less of an argument that there is a genuine case or controversy than there was in *Genesis*. In *Genesis*, the plaintiff had standing and then her claims were mooted; in this case, the plaintiffs never had standing to begin with. For example, unlike the defendant in *Genesis*, NAC did not offer to make the Plaintiffs whole after they filed suit. To the contrary, NAC issued refunds to Plaintiffs in the ordinary course of business. As detailed in NAC's briefs and at the August 2, 2013 hearing on the motions to dismiss, Plaintiff Luman received a full refund on February 11, 2013, after he called to complain about the product and *nearly two months before* he filed suit on April 4, 2013. Plaintiff Amkraut had not even ordered Super Beta Prostate until *after* this lawsuit was filed, and he *never paid* for the trial sample of the product he ordered weeks after Luman filed suit. Thus, here, and unlike in *Genesis* and the other cases Plaintiffs rely on, *neither Plaintiff* had standing when the original case was filed: Luman had already received a full refund, and Amkraut had not yet purchased the product. Accordingly, the potential policy concerns implicated by "picking off" plaintiffs expressed in earlier decisions such as *Roper* and taken up again in *Genesis* are not present here — there were no claims to pick off.

But putting aside the fact that the Plaintiffs in this case never had live claims at all, the Supreme Court's holding that collective-action allegations in a plaintiff's complaint did not render the action justiciable after the plaintiff's individual claim became moot equally compels the conclusion that Plaintiffs lack standing here. *Genesis* supports dismissal of this action under Rule 12(b)(1) for at least three reasons.

First, the Court expressly rejected the expansive interpretation of *Roper* and *Sosna* advanced by Plaintiffs to support their argument against dismissal. Instead, the Court limited those cases' applicability to their particular facts. For example, the Court distinguished *Sosna* on the basis that it is limited to circumstances when "the named plaintiff's individual claim becomes moot *after* the class has been duly certified." *Genesis,* 133 S. Ct. at 1530. *Sosna* is distinguishable here for the same reason. Unlike in *Sosna*, no class has been certified in this case. *Sosna* does not preclude dismissal of this case any more than it did in *Genesis*. *Id.* at 1530.

According to the Supreme Court, "*Roper's* holding turned on a specific factual finding that the plaintiffs' possessed a continuing personal economic stake in the litigation, even after the defendants' offer of judgment." *Id.* at 1532 (emphasis in original). Unlike in *Roper,* but like the plaintiff in *Genesis*, Plaintiffs here do not have a continuing economic interest in this litigation. They received full refunds and indicated that they do not intend to purchase Super Beta Prostate again. That Plaintiffs seek injunctive relief does not give them a continuing personal economic stake in the litigation. As stated in NAC's opening and reply briefs, even if Plaintiffs had *not* received full refunds, they would still lack standing to pursue claims for injunctive relief because they do not plan on purchasing Super Beta Prostate in the future and therefore cannot establish "a real and immediate threat of repeated injury." *Bates v. United Parcel Service, Inc.,* 511 F.3d 974, 985 (9th Cir. 2007). Moreover, Plaintiffs cannot establish standing based upon alleged harms to absent putative class members because a class has not been certified. *Hodgers-Durgin v. de la Vina,* 199 F.3d 1037, 1045 (9th Cir. 1999).

Second, in *Genesis,* the Supreme Court confirmed that the observation in *Roper* that defendants "picking off" named plaintiffs "frustrates the objectives of class actions" was mere dicta. *Genesis,* 133 S. Ct. at 1532. *See also Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1173 (9th Cir. 2004) ("A statement is dictum when it is made during the course of delivering a judicial opinion, but is unnecessary to the decision in the case and is therefore not precedential.") (internal quotation marks omitted). The Court recognized that *Roper* and *Sosna* do not stand for the general proposition that "picking off" plaintiffs is improper in a class action, or in any case. The constitutional case or controversy requirement must be satisfied as a threshold matter in every case notwithstanding prudential concerns along these lines. Thus, *Genesis* squarely rejects Plaintiffs' primary argument against dismissal for lack of standing.

Third, *Genesis* rejects the same "inherently transitory" relation back rationale on which Plaintiffs relied when they cited *Pitts and Weiss* in their opposition brief to support their standing argument. (Opp., 3-4.) Both *Pitts* and *Weiss* held that a putative class action was not moot even though a Rule 68 offer of judgment made after the action had been filed fully satisfied the named plaintiff's claim and a motion for class certification had not yet been filed. *Pitts,* 653 F.3d at

1091-1092; *Weiss,* 385 F.3d at 347-348. In so holding, both the Ninth Circuit in *Pitts* and the Third Circuit in *Weiss* extended the relation-back rationale of "inherently transitory" claims and reasoned that the plaintiffs' claims were "transitory" (even though not technically "inherently" transitory) and thus susceptible to evading review as a result of attempts by defendants to "pick off" named plaintiffs. *Pitts,* 653 F.3d at 1091; *Weiss,* 385 F.3d at 347.

The Supreme Court in *Genesis* rejected this extension of the "inherently transitory" rationale, saying that the doctrine only applied "in cases where the transitory nature of the conduct giving rise to the suit would effectively insulate defendants' conduct from review," and "has invariably focused on the fleeting nature of the challenged conduct giving rise to the claim, not on the defendant's litigation strategy." *Genesis,* 133 S. Ct. at 1531. As the Supreme Court noted with respect to the putative collective action, "*[w]hile settlement may have the collateral effect of foreclosing unjoined claimants from having their rights vindicated in [the named plaintiff's] suit, such putative plaintiffs remain free to vindicate their rights in their own suits. They are no less able to have their claims settled or adjudicated following [the named plaintiff's] suit than if [that] suit had never been filed at all.*" *Id.* (emphasis added).[1] The "inherently transitory" rationale has no more bearing in this case than it did *Genesis.* The dismissal of Plaintiffs' case would not affect the ability of other potential claimants from vindicating their own rights in the future.

Under *Genesis,* this case should be dismissed in its entirety with prejudice.

---

[1] For the reasons discussed above, the fact that Plaintiffs pray for injunctive relief does not make their claims likely to evade review, because they lack standing to pursue claims for injunctive relief since they do not intend to purchase Super Beta Prostate in the future, and therefore cannot demonstrate any imminent harm resulting from Defendants' alleged advertising for the product.

13-cv-00656—SUPPLEMENTAL BRIEF ISO
DEFENDANTS' MOTIONS TO DISMISS

| | |
|---|---|
| 1 | Dated: August 16, 2013 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Dated: August 16, 2013

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP
BRAD W. SEILING
ADRIANNE E. MARSHACK

By: /s/ Brad W. Seiling
    Brad W. Seiling
    *Attorneys for Defendant*
    NAC MARKETING COMPANY, LLC

ORRICK, HERRINGTON & SUTCLIFFE LLP
NORMAN C. HILE
MICHAEL C. WEED
MICHAEL C. SPILLNER
CHRISTINA GUEROLA SARCHIO

By: /s/ Michael C. Spillner
    Michael C. Spillner
    Attorneys for Defendant
    JOE THEISMANN

202141627

13-cv-00656—SUPPLEMENTAL BRIEF ISO
DEFENDANTS' MOTIONS TO DISMISS