1

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
2
Annick M. Persinger (State Bar No. 272996)
1990 North California Boulevard, Suite 940
3
Walnut Creek, CA  94596
Telephone: (925) 300-4455
4
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
5
        apersinger@bursor.com

6
**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
7
888 Seventh Avenue
New York, NY  10019
8
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
9
E-Mail: scott@bursor.com

10
*Attorneys for Plaintiff*

11

UNITED STATES DISTRICT COURT
12

EASTERN DISTRICT OF CALIFORNIA
13

14

| | |
|---|---|
| JOEL AMKRAUT, individually and on behalf of all others similarly situated, | Case No. 2:13-CV-00656-KJM-AC |
| Plaintiff, | **JOINT STATUS REPORT AND FEDERAL RULE OF CIVIL PROCEDURE 26(f) REPORT** |
| v. | Date: June 9, 2016 |
| NAC MARKETING COMPANY, LLC d/b/a NEW VITALITY, | Time: 2:30 p.m. Courtroom 3, 15th Floor |
| Defendant. | Judge Kimberly J. Mueller |

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In compliance with the Court's April 13, 2016 Minute Order, Plaintiff Joel Amkraut and Defendant NAC Marketing Company, LLC d/b/a New Vitality respectfully submit their Joint Status Report.[1]

## A.   Brief Summary of the Claims

### Plaintiff's Statement

Plaintiff Joel Amkraut filed a class action lawsuit against Defendant on behalf of purchasers of Super Beta Prostate, which Defendant markets as a treatment for the symptoms of benign prostate hyperplasia ("BPH").  Plaintiff alleges that Defendant's marketing and promotion of Super Beta Prostate is an elaborate hoax involving a falsified medical endorsement by Dr. Jeffrey J. Zielinski and false claims that the product will treat the symptoms of BPH.

Super Beta Prostate's labeling and advertising represents that the product "Helps to Support Healthy Urinary Flow and Function" and contains "All Natural Ingredients."  Defendant claims that "[b]y taking this natural supplement each day, you can start the path to getting out of the bathroom and back to your life."  Additionally, as a result of taking Super Beta Prostate, Defendant advertises that users will experience the following benefits: "Stronger Urinary Flow," "Improved Bladder Emptying," "Healthy Sleeping Habits," "Healthy Prostate Function," "Less Frequent Bathroom Trips," reducing "that sudden urge to go," "More complete bladder emptying," "Sleep[ing] more through the night," "Wak[ing] up feeling more refreshed," not needing to "get up at night as much," improved intimacy, and "Feel[ing] younger and more energetic!".  Plaintiff alleges that these representations are false and misleading and that Super Beat Prostate is not effective for any of these purposes.

Plaintiff asserts claims for violation of the Magnuson Moss Warranty Act, breach of express warranty, breach of the implied warranty of merchantability, breach of the implied

---

[1] Originally, plaintiff Floyd Luman and defendant Joe Theismann were also parties to this suit. However, the Court dismissed Mr. Luman's claims in its February 4, 2014 Order on defendants' motions to dismiss.  In the same Order, the Court also dismissed Plaintiff Amkraut's claims against Mr. Theismann.  Given that these rulings were affirmed on appeal, these individuals are no longer parties.  Thus, the present Joint Status Report will focus on the remaining claims of Plaintiff Amkraut against Defendant NAC Marketing Company, LLC.

warranty of fitness for a particular purpose, unjust enrichment, violation of the California

Consumers Legal Remedies Act, violation of the California Unfair Competition Law, and violation

of the California False Advertising Law.

### Defendant's Statement

Defendant denies any and all allegations of wrongdoing, and specifically denies that any of

Defendant's advertising of Super Beta Prostate is false or misleading.  Defendant also denies that

Plaintiff has been harmed in any amount, or at all. Defendant set forth its legal arguments in the

motions to dismiss, which pursuant to the Ninth Circuit's decision in this case, remain to be

resolved.  In addition, as a matter of fact, contrary to the allegations in the complaint and first

amended complaint, *The Lancet* study, which is cited in the complaint and first amended

complaint, actually concludes that beta-sitosterol (the active ingredient in Super Beta Prostate) is

effective.  Thus, there is no factual basis for Plaintiff's lawsuit.

### Procedural Status

In response to Defendant's April 26, 2013 motion to dismiss the initial complaint, Plaintiff

filed an amended complaint.  On May 28, 2013, Defendant filed a renewed motion to dismiss.

Oral argument was heard on August 2, 2013, and the parties submitted supplemental briefing on

August 16, 2013.

On February 4, 2014, the Court entered an Order and Judgment dismissing Plaintiff's

claims with prejudice based on standing.  On February 20, 2014, Plaintiff filed a timely Notice of

Appeal.  Thereafter, on April 8, 2016 and May 3, 2016, the U.S. Court of Appeals for the Ninth

Circuit entered a Memorandum and Mandate affirming in part and reversing in part the Court's

Order dismissing Plaintiff's claims.  In short, the Ninth Circuit reversed and vacated the Court's

February 4, 2014 Order inasmuch as it held that Plaintiff Amkraut lacked standing.  That said, the

Ninth Circuit did not reach Defendant's remaining arguments for dismissal based on Rule 12(b)(6),

and remanded for further proceedings.

Accordingly, it is the parties' understanding that Defendant's motion to dismiss is still

currently under submission.  Thus, the parties believe that it is premature to set any dates or engage

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

in discovery until the Court has issued a renewed order on Defendant's motion to dismiss and the pleadings are settled.  It is Defendant's position that the Ninth Circuit also left open the question of whether Amkraut has standing to sue under the Supreme Court's recent decision in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016).  By contrast, it is Plaintiff's position that the Ninth Circuit had already considered and applied the *Campbell-Ewald* decision when analyzing Plaintiff Amkraut's claims, and that further briefing is unnecessary.  That issue, as well as all of the other issues raised in the original motions to dismiss, remains open.

### B.      Status of Service Upon All Defendants

Service of the complaint is complete.

### C.      Possible Joinder of Additional Parties

The parties are unaware of any additional parties who have an interest that could be substantially affected by the outcome of this litigation.  That said, Plaintiff reserves his right to move for joinder of additional parties.

### D.      Contemplated Amendments to the Pleadings

Subject to the Court's ruling on Defendant's pending motion to dismiss, Plaintiff does not anticipate any amendments to the pleadings at this time.  That said, Plaintiff reserves his right to move for an amendment of the pleadings.

### E.      The Statutory Basis for Jurisdiction and Venue

Plaintiff alleges that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question).  This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A) because there are more than 100 putative class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendant.

Plaintiff claims that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant does business throughout this district, and a substantial part of the events giving rise to the claims took place within this judicial district.

### F.     Anticipated Discovery and the Scheduling of Discovery

### 1.     Timing, Form, or Requirement for Disclosures under Rule 26(a)

The parties have not yet made initial disclosures.  Plaintiff and Defendant propose that they exchange their initial disclosures three weeks after the Court issues an order on Defendant's motion to dismiss.

### 2.     Subjects on Which Discovery Is Needed

#### Plaintiff's Statement

Plaintiff intends to seek discovery regarding, among other things:  (i) the content of Defendant's advertisements, marketing materials, and other public statements regarding Super Beta Prostate; (ii) studies, clinical trials, or any purported basis for Defendant's statements regarding Super Beta Prostate; (iii) Defendant's method of developing Super Beta Prostate; (iv) individuals consulted regarding the development of Super Beta Prostate; (v) customer complaints regarding Super Beta Prostate; (vi) the identities and number of people who have purchased Super Beta Prostate; (vii) the amount of revenue derived by Defendant from the sale of Super Beta Prostate; and (viii) Defendant's refund policies and practices.

#### Defendant's Statement

If this action is not dismissed, Defendant anticipates taking discovery regarding, among other things: (i) the advertising Plaintiff viewed prior to purchasing Super Beta Prostate; (ii) Plaintiff's purchase and use of Super Beta Prostate; (iii) Plaintiff's purchase and use of other products containing beta-sitosterol; (iv) Plaintiff's purchase and use of other products similar to Super Beta Prostate; (v) refunds received by Plaintiff from NAC; (vi) Plaintiff's communications with NAC; (vii) Plaintiff's medical history relating to their prostates; (viii) Plaintiff's litigation history; and (ix) Plaintiff's alleged damages.

### 3.     Deadlines for Completion of Discovery

#### Plaintiff's Statement

Like Defendant, Plaintiff believes it is more efficient to establish a schedule and begin discovery after the Court has ruled on the motion to dismiss.

1

2

**Defendant's Statement**

Defendant believes it is more efficient and prudent to conserve resources and wait to

3

establish a schedule or begin discovery until after the Court has ruled on the motion to

4

dismiss.

5

**4.      Phasing of Discovery**

6

Other than as noted in the proposed schedules above, the parties do not request or see any

7

reason to phase discovery at this time.

8

9

**5.      Changes to the Limitations on Discovery Imposed by the Federal Rules of Civil Procedure**

10

The parties agree that at this time, there should be no changes to the Federal and Local

11

Rules regarding discovery.  The parties may seek an order from the Court altering the discovery

12

limits imposed by the Federal Rules of Civil Procedure and the Local Rules.

13

**6.      Other Discovery Issues**

14

**Issues about Disclosure or Discovery of Electronically Stored Information**

15

Plaintiff proposes the Crivella West Production Format Standard as the protocol for the

16

production of electronically stored information.  Plaintiff also requests that the parties agree to

17

produce all documents in a searchable PDF format and that large documents be produced in native

18

format where appropriate (*e.g.*, large Microsoft Excel spreadsheets).

19

Defendant does not agree to the Crivella West Production Format Standard, as the nature of

20

this case (a consumer class action) disproportionately imposes burdens on Defendant that will not

21

be similarly imposed on Plaintiff.  Defendant will meet and confer with Plaintiff about the

22

appropriate format of any documents to be produced.

23

**Privilege Issues**

24

The parties do not anticipate any significant privilege issues arising with regard to the

25

documents and information in Plaintiff's possession.  Any party withholding any documents or

26

information based on the assertion of a privilege shall serve a privilege log in accordance with the

27

Federal Rules of Civil Procedure or any applicable law.  The parties are not required to include on

28

their privilege logs any privileged documents or information that came into existence after the date of the filing of the complaint and that relates to litigating this action.

If information that appears to be privileged or work product is inadvertently produced, the parties agree that they will alert the producing party as soon as the apparent inadvertent production is discovered.  The receiving party shall promptly return the apparently privileged material to the producing party.  The parties agree that the fact of any inadvertent production of privileged documents will not be a waiver of the attorney-client privilege with respect to those, or other, documents.

**Protective Order**

The parties have agreed to meet and confer regarding a proposed confidentiality order.  The parties hope to agree on a confidentiality order to be submitted to the Court in the near future.  If any disputes arise, the parties will submit those to the Court for prompt resolution.

**Custodian's Log**

Plaintiff proposes that the parties agree to provide a custodian's log contemporaneously with any document production.  The log should identify the document custodian by name as well as the file name and location, and should be produced in the form of a log or index.

Defendant does not agree that the parties should provide custodian's logs as such logs are not required by the Federal Rules of Civil Procedure and would be unduly burdensome to create.

**G.      Motions**

**Plaintiff's Statement**

Like Defendant, Plaintiff believes it is more efficient to establish a schedule for the filing of a motion for class certification after the Court rules on the motion to dismiss.

**Defendant's Statement**

Defendant requests that the Court not establish the schedule for the filing of a motion for class certification until after the Court rules on Defendant's pending motion to dismiss.  If the case is dismissed with leave to amend, Defendant anticipates filing a motion to dismiss any second amended complaint.

JOINT STATUS REPORT AND FEDERAL RULE OF CIVIL PROCEDURE 26(f) REPORT      6
CASE NO. 13-CV-00656-KJM-AC

### H.    The Scheduling of Pretrial and Trial

**Plaintiff's Statement**

Plaintiff proposes that, in the interest of efficiency, the Court establish a pre-trial and trial schedule after the Court rules on the motion to dismiss.

**Defendant's Statement**

Defendant agrees that the Court should defer any setting any schedule until the pleadings are settled.

### I.    Estimate of Trial Time

**Plaintiff's Statement**

Though it is difficult to estimate the length of trial at this juncture, Plaintiff estimates that trial will last approximately three weeks.

**Defendant's Statement**

The trial length will depend on a number of factors, including whether or not a class is certified (which is why Defendant advocates deferring setting a trial date until after the motion is decided).  Defendant does not believe the trial of this case would take three weeks.

### J.    Appropriateness of Special Procedures

The parties do not believe that any special procedures need to be adopted in this case.

### K.    Modification of Standard Pretrial Procedures

The parties do not anticipate any need for modification of the Court's standard pretrial procedures.

### L.    Related Cases

The parties are not aware of any related cases.

### M.    Prospects for Settlement

The parties have not had any settlement discussions since the filing of the complaint.  While a settlement conference would be premature at this time, the parties are willing to discuss ADR and private mediation options at an early opportunity.

Dated:  June 2, 2016                    **BURSOR & FISHER, P.A.**

                                        By:   */s/ L. Timothy Fisher*
                                                 L. Timothy Fisher

                                        L. Timothy Fisher (State Bar No. 191626)
                                        Annick M. Persinger (State Bar No. 272996)
                                        1990 North California Boulevard, Suite 940
                                        Walnut Creek, CA 94596
                                        Telephone:  (925) 482-1515
                                        Facsimile:   (925) 407-2700
                                        E-Mail: ltfisher@bursor.com
                                                 apersinger@bursor.com

                                        **BURSOR & FISHER, P.A.**
                                        Scott A. Bursor (State Bar No. 276006)
                                        888 Seventh Avenue
                                        New York, NY  10019
                                        Telephone: (212) 989-9113
                                        Facsimile:  (212) 989-9163
                                        E-Mail: scott@bursor.com

                                        *Attorneys for Plaintiff*

Dated:  June 2, 2016                    **MANATT, PHELPS & PHILLIPS, LLP**

                                        By:   */s/ Brad W. Seiling*
                                                 Brad W. Seiling

                                        BRAD W. SEILING (Bar No. CA 143515)
                                        E-mail: bseiling@manatt.com
                                        ADRIANNE E. MARSHACK (Bar No. CA 253682)
                                        E-mail: AMarshack@manatt.com
                                        11355 West Olympic Boulevard
                                        Los Angeles, CA 90064-1614
                                        Telephone:  (310) 312-4000
                                        Facsimile:  (310) 312-4224

                                        *Attorneys for NAC MARKETING COMPANY, LLC*